UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CYPRESS CREEK RENEWABLES DEVELOPMENT, LLC, | Case No. 18-CV-2756 (PJS/DTS) |
| Plaintiff/Counter Defendant, | |
| v. | ORDER |
| SUNSHARE, LLC; COMMUNITY SOLAR SERIES I LLC; and COMMUNITY SOLAR SERIES II LLC, | |
| Defendants/Counter Claimants. | |

Aaron P. Knoll and Sybil L. Dunlop, GREENE ESPEL PLLP, for plaintiff/counter defendant.

Lauren Schoeberl and Kevin P. Hickey, BASSFORD REMELE, PA; Abigail Brown and Paul R. Franke, III, MOYE WHITE, LLP, for defendants/counter claimants.

Plaintiff Cypress Creek Renewables Development, LLC ("Cypress Creek")

brought this breach-of-contract action against defendants (collectively "SunShare") in

state court. SunShare removed the action to this Court on the basis of diversity

jurisdiction. ECF Nos. 1-1, 5. SunShare's notice of removal was woefully inadequate,

however, and thus the Court remands this action to state court.

A notice of removal must contain "a short and plain statement of the grounds for

removal . . . ." 28 U.S.C. § 1446(a). This "tracks the general pleading requirement stated

in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co.*

*v. Owens*, 135 S. Ct. 547, 553 (2014).  Rule 8(a), in turn, requires a pleading to include

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007); *see also Dart Cherokee*, 135 S. Ct. at 554 (applying a

"plausibility" requirement to amount-in-controversy allegations).

The plaintiff in this action is a limited-liability company.  All three defendants

are limited-liability companies.  As both the Eighth Circuit and this Court have

explained on countless occasions, "for purposes of diversity jurisdiction, a

limited-liability company ('LLC') takes the citizenship of all of its members and

'sub-members' and 'sub-sub-members.'"  *Key Enterprises, LLC v. Morgan*, No.

12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013); *see also E3 Biofuels,*

*LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) ("'An LLC's citizenship, for

purposes of diversity jurisdiction, is the citizenship of each of its members.'" (quoting

*OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007))).

Hence, in order to plausibly allege the existence of diversity jurisdiction in a case

involving an LLC, a notice of removal must identify all of the members of the LLC and,

as to each such member, its citizenship.  If a member of an LLC is itself an LLC, then the

notice of removal must identify each of the members of that LLC and, as to each such

member, its citizenship.  And so on, down the line.  *Cf. Barclay Square Props. v. Midwest*

*Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on

diversity of citizenship, the pleadings, to establish diversity, must set forth with

specificity the citizenship of the parties.").

Neither the original nor the amended notices of removal filed by SunShare

identify *any* member of *any* of the four LLCs that are parties to this action, much less the

citizenship of those members.  Instead, the notices of removal state:

> The United States District Court for the District of Minnesota
> has original jurisdiction under 28 U.S.C. § 1332 over
> Plaintiff's claims because there is complete diversity
> between Plaintiff and Defendants.  Defendants are Colorado
> limited liability companies with their principal place of
> business being Colorado.  Plaintiff is a Delaware limited
> liability company with its principal place of business in
> California.

ECF No. 1 ¶ 5; ECF No. 5 ¶ 5.  As noted, however, the state in which an LLC is

formed—and the state in which an LLC maintains its principal place of business—are

simply irrelevant to whether a federal court has diversity jurisdiction.  Instead, an LLC

takes the citizenship of each of its members.

It is apparent that the defective nature of the notices of removal is not merely

technical or the result of oversight.  Magistrate Judge David T. Schultz ordered the

parties to file affidavits identifying the citizenship of each of their members and sub-

members.  ECF No. 6.  In response, Cypress Creek confessed that even *it* is unable to

identify all of its own sub-members.  ECF No. 12 at 6.  It is thus abundantly clear that, at

the time that it removed this action, SunShare could not possibly have known the

citizenship of Cypress Creek's members and sub-members—and thus that SunShare's

attorneys could not possibly have alleged, consistent with Fed. R. Civ. P. 11, that "there

is complete diversity between Plaintiff and Defendants."  ECF No. 1 ¶ 5; ECF No. 5 ¶ 5.

Because SunShare's notice of removal fails to plausibly allege the existence of

diversity jurisdiction,[1] the Court remands this case to state court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT this matter is REMANDED to the Minnesota District

Court, Fourth Judicial District.

Dated:  October 24, 2018            s/Patrick J. Schiltz
                                        Patrick J. Schiltz
                                        United States District Judge

---

[1]It is true that a party that has plausibly alleged the existence of federal jurisdiction may be entitled to discovery if the opposing party challenges its jurisdictional allegations. *See Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (per curiam).  But to be entitled to discovery, a party must first plausibly allege jurisdiction. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").  A defendant that has no idea whether federal jurisdiction exists cannot remove a case to federal court and then demand discovery into whether it had the right to remove the case to federal court.